By the Court.
Oakley, Ch. J.
The controversy in this case had its origin in an action instituted in the common pleas, by one Bradley, against Eugene Keteltas, for an assault and battery, in which the respondent in this case acted as the attorney of Bradley. Upon the trial of that action in June, 1848, the respondent was examined as a witness on behalf of the plaintiff. Subsequently, and in the month of August, 1848, the appellants instituted a complaint before one of the police justices against the respondent, for perjury, in having sworn falsely upon the trial in the common pleas, that he was not interested in the event of the suit. Upon the hearing before the justice, the charge was dismissed by him. An application was thereupon made by the appellant, Charles B. Smith, to the assistant district attorney, and through his intervention an indictment against the respondent was, obtained from the grand jury. The indictment was\tried in the sessions, and upon the close of the evidence on the^ part of the prosecution, the presiding judge directed an acquittal of the respondent, and he was duly discharged.
The respondent thereupon instituted an action for malicious prosecution against the appellants, in this court, which was tried in December, 1849, before Judge Yanderpoel and a jury ; upon the trial of the cause, a verdict was rendered in favor of the plaintiff for the sum of $3750. The appellants now move to reverse the judgment, and for a new trial upon a bill of exceptions.
Upon the opening of the argument, it was insisted on behalf of the respondents, that there were certain questions sought to *453 be raised on this bill of exceptions which were not properly before the court, and could not be raised on this appeal, which is from the judgment in the cause; viz., 1st It is said that there was not evidence sufficient to implicate Eugene Keteltas and J. H. Brush. Upon the trial in the court below, at the conclusion of the plaintiff’s case, the judge determined there was evidence enough on this point to go to the jury. As to William A. Keteltas, he directed a discharge. 2d. It is made a point that the damages were excessive, particularly as against the appellant Brush; and 3dly. That the general character of the charge of the judge was calculated to have an improper influence upon the minds of the jury.
We suggested upon the argument, a doubt whether the practice of bringing up questions both of law and fact upon an appeal like the present was correct; but we said we would hear the exceptions and the objection to the damages argued, and would afterwards consider whether they would be entertained or not in this. form.
We have examined the subject, and are of opinion that these questions cannot be reviewed on an appeal to the general term, from the judgment. In this conclusion' all the judges of this 'court concur. The question whether there was sufficient evi: dence to justify a verdict, must be first raised at the special term, on a motion to set it aside. If the motion for a new trial is denied, an appeal may then be taken from the decision of the justice at special term, not as a judgment, but as an order. So also as to the objection to the excessive character of the damages; this question can never come up on a bill of exceptions. The motion to set aside a verdict on the ground that the damages are excessive, is one properly addressed to the general discretion of the court. It is like motions for a new trial on the ground oí surprise or of newly discovered evidence, which never arise on a bill of exceptions.
Were these questions properly before us, after the examination we have given them, we should not, in all probability, disturb the verdict on either ground. If the appellants were liable *454 at all, the damages awarded by the jury are not more than could have been reasonably expected.
The charge given by the judge has been inserted in extenso in the bill of exceptions. This practice is not to be encouraged, and is manifestly improper, unless the objection that in the charge the judge has gone beyond the line of his duty can be brought before the general term on an appeal from the judgment.
The charge before us is a very decided one on the matters of fact which arose upon the trial, and no doubt had its effect on the decision of the jury. But did the judge in this respect go beyond the line of his strict duty, and if he did, can it be reviewed here ? The right of the judge to comment on the evidence adduced upon the trial of a cause before him, is not to be questioned. The exercise of. this right is not the subject of exception. It involves no point of law. It rests in the sound discretion of the judge, and the mode of its exercise depends upon his own sense of his judicial responsibility. It is not to be presumed ■ that, in discharging this duty, he will deviate from his just province. But if the court see. that the charge of the judge has probably caused injustice, it may interfere to remedy the evil, in the same manner that it would with the verdict of a jury when against evidence. We are not aware of any other mode or ground for interference with the charge of a judge on this account.
• The line between the province of the judge and that of the jury seems to have been strictly maintained in this charge, and the jury could not- have received it either as instruction or authority; but merely as intended to aid and enlighten them in the formation of their conclusion.
The only matter of law involved in this case is this: Was there any error in the charge of the judge on submitting the cause to the jury ? There is at first blush a little difficulty, perhaps, in ascertaining the exact extent of the ruling of the judge. There was a long series of propositions submitted-for him to charge upon the trial, to .each of which he returned *455 answers, some of them with qualifications, and some referring. to his general charge.
The right of counsel to present their propositions to the j udge is undoubted ; but it is- not my practice to notice them in detail. If the judge omit any instruction thus called for which ought to be given, it is error; but there is no need of specific answers to each. The practice of catechizing the judge, sometimes with points not called for by the case, is to be discouraged. It tends to embarrass the jury in their understanding of the general charge.
The leading proposition submitted by the counsel for the appellants, was that in an action for malicious prosecution, the want of probable cause, upon which the action alone is maintainable, is a question of law for the court, and not a question of fact for the jury.
It was said that the practice in this court had varied from the rule in other courts and was wrong. As to our practice, we have always held the question of probable cause to be a mixed question of law and fact; where the facts are ascertained, it is a question of law. So in every case, as on a demurrer. Where the facts are uncontested, it is1 the duty of the judge to apply the law, and determine the issue. But where there are contested facts, it is the duty of the judge to charge the jury somewhat hypothetically, i. e., that if they find the facts to be thus and so, the law is thus, and vice versa. We know no other rule in determining such questions, and no other practice in reference to a judge’s charge.
(The Chief Justice then proceeded to" consider the charge, and the other questions involved, and in conclusion the court sustained the judge who tried the cause.)
Judgment at the special term affirmed.